**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

KEVIN BAILEY,
on behalf of himself,
and all others similarly situated,

        Plaintiffs,

v.                                                                     Case No. 18-11438

ESPERION THERAPEUTICS, INC.,
TIMOTHY M. MAYLEBEN, and RICHARD B. BARTRAM,

        Defendants.
_____/

**ORDER GRANTING THE MOTION FOR**
**APPOINTMENT OF LEAD PLAINTIFFS AND APPROVAL OF COUNSEL**

This class action claim was brought by Plaintiff Kevin Bailey pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. (Dkt. #1). Defendants are biopharmaceutical company Esperion Therapeutics, Inc. ("Esperion") and some of its key officers. (Dkt. #1, PageID 4). The complaint alleges that Defendants made materially false and misleading statements between February 22, 2017 and May 1, 2018 (the "class period"), as a result of which purchasers of Esperion securities suffered significant losses. (Dkt. #1).

In its revised order setting deadlines, the court set July 6, 2018 as the date by which motions for lead plaintiff were to be filed, in accordance with 15 U.S.C. § 78u-4(a)(3). (Dkt. #12). On July 6, two such motions were filed. One motion for appointment as lead plaintiff was filed by Mahmood Khan (Dkt. #13), and another was filed by Manuele Aldi Scarpatetti and Aurelio Scarpatetti (the "Scarpatettis") (Dkt. #14).

1

Subsequently, Mahmood Khan filed a notice of his non-opposition to the competing lead plaintiff motion (Dkt. #17) and withdrew his motion (Dkt. #20).

Pending before the court is the Scarpatettis' (now unopposed) motion for appointment of lead plaintiffs and approval of counsel (Dkt. #14). For the reasons set forth below, the court will grant the motion.

## I. DISCUSSION

### A. Appointment of Lead Plaintiffs

Under Rule 23, a party may serve as a class representative only if the following requirements are satisfied:

> "(1) the class is so numerous that joinder of all the members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a). When appointing lead plaintiffs to a class action suit, the court adopts the presumption that the party filing a complaint or motion in response to a notice, which has the largest financial interest in the relief sought as a class, and otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can be rebutted by a member of the purported class offering proof that the presumptively most adequate plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In this case, the class of investors misled by Defendants' alleged failure to disclose material facts about Esperion's business and financial condition is too numerous to make joinder practicable. The class shares common questions of law and fact, as they all purchased Esperion securities during the class period. The Scarpatettis

claims are typical of the class in that they suffered the same injury as a result of the change in security prices. (Dkt. # 14). Indeed, the Scarpatettis suffered a substantial financial loss of $631,642. (Dkt. #14, PageID 121). Provided the Scarpatettis' financial interest in the result of this case, and the lack of opposition to their status as the "most adequate" plaintiffs, it is the court's determination that the Scarpatettis will fairly and adequately protect the interests of other class members.

Notice of this class action was published on May 07, 2018 over Globe Newswire. (Dkt. #15-1). The Scarpatettis filed their motion for appointment as lead plaintiffs on July 6, 2018, within the 60 day period dictated by 15 U.S.C. §78u-4(a)(3)(A)(i)(II). (Dkt. #14). Following Mahmood Khan's notice of his non-opposition (Dkt. #17), there is no longer any opposition to the appointment of the Scarpatettis as lead plaintiffs. Nor is there opposition to the Scarpatettis having the largest financial interest in relief by the class (Dkt. #17, PageID 186).

Accordingly, the Scarpatettis have satisfied the requirements for appointment as lead plaintiffs.

### B. Selection of Counsel

The court must approve of lead plaintiffs' selection of counsel to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(v). Considering the law firm of Pomerantz LLP has experience in the area of securities litigation and class actions (Dkt. #14) and there is no opposition to the selection of this firm as counsel, the court approves the Scarpatettis' selection of Pomerantz LLP as counsel in this case.

## II. CONCLUSION

For the foregoing reasons, the Scarpatettis' motion will be granted. Manuele Aldi Scarpatetti and Aurelio Scarpatetti will be appointed as lead plaintiffs for the class, and the law firm of Pomerantz LLP will be approved as lead counsel. Accordingly,

IT IS ORDERED that the Scarpatettis' motion to appoint lead plaintiffs and approve lead counsel (Dkt. # 14) is GRANTED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 20, 2018, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-11438.BAILEY.Grant.LeadPlaintiff.docx